Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| TANYA ISELLE CARABALLO CRUZ<br><br>Peticionaria<br><br><br>EX PARTE | TA2026CE00736 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2026CV01445<br><br>Sobre: Declaratoria de Herederos |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de junio de 2026.

Comparece Tanya Iselle Caraballo Cruz (en adelante, peticionaria) mediante un recurso de *certiorari* para solicitarnos la revisión de la *Resolución* emitida y notificada el 4 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Ponce.[1] Mediante la *Resolución* recurrida el tribunal de instancia declaró *Con Lugar* una petición sobre declaratoria de herederos y dispuso quienes son los únicos y universales herederos de la causante Sonia Cruz Yuret, también conocida por Sonia Cruz (Causante).

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

I

El caso del título inició el 1 de mayo de 2026, cuando la peticionaria interpuso una *Petición* sobre declaratoria de herederos.[2] Esbozó que la Causante falleció el 6 de noviembre de 2025, en Ponce, Puerto Rico, siendo su último domicilio en dicho municipio y

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 2.
[2] SUMAC TPI, a la Entrada Núm. 1.

que dejó bienes sujetos a partición, entre otros, fondos en la Asociación de Empleados del ELA.

Adujo que, al momento de su fallecimiento, la Causante se encontraba casada con **Juan Bautista Caraballo Torres**, también conocido como Juan Bautista Caraballo Roche, y como Juan B. Caraballo. Por otro lado, esbozó que procreó cuatro (4) hijos: (i) la **Tanya Iselle Caraballo Cruz**; (ii) **Charie Iselle Caraballo Cruz**; (iii) **Eduardo Caraballo Cruz**, también conocido como Eduardo Caraballo; y (iv) **Xavier Alexis Caraballo Cruz**, también conocido como Xavier Alexis Caraballo y como Xavier C. Cruz. Por otro lado, esgrimió que Eduardo Caraballo Cruz y Xavier Alexis Caraballo Cruz premurieron a la causante. Acotó que, dado a lo anterior, a cada uno de estos le representaban en esta herencia los respectivos hijos de estos, entiéndase, los nietos de la Causante.[3] Acompañó los documentos en apoyo a lo alegado. Esbozó que, según su conocimiento, la Causante no dejó testamento alguno, para lo cual acompañó la correspondiente certificación de negativa de testamento expedida por el Registro Poderes y Testamentos del Tribunal Supremo de Puerto Rico.

En mérito de lo anterior, solicitó al foro de instancia que se declarara *Ha Lugar* la petición y en consecuencia se determinara como únicos y universales y herederos a sus hijas, Tanya Iselle Caraballo Cruz y a Charie Isabelle Caraballo Cruz, así como a sus nietos (ii) Madeline Caraballo Aponte; (ii) Eduardo Caraballo Aponte; (iii) Javier Caraballo Kindel; (iv) Javier Alexis Caraballo Cruz; y (v) Jovan Alexis Caraballo; y a su viudo, Juan Bautisa Caraballo Torres.

En respuesta a lo pedido, el 4 de mayo de 2025, el foro primario emitió y notificó la *Resolución* objeto de este recurso.[4]

---

[3] Alegó que los hijos de Eduardo Caraballo Cruz eran los siguientes: (i) Javier Caraballo Kindel; (ii) Madeline Caraballo Aponte; y (iii) Eduardo Caraballo Aponte. Por otro lado, acotó que los hijos de Xavier Alexis Caraballo Cruz eran los siguientes: (i) Javier Alexis Caraballo Cruz; y (ii) Jovan Alexis Caraballo.
[4] SUMAC TPI, a la Entrada Núm. 2.

Mediante este dictamen, el tribunal de instancia declaró *Con Lugar* la petición presentada y en consecuencia declaró como únicos y universales herederos de la Causante a sus dos hijas Charie Isabelle Caraballo Cruz y Tanya Iselle Caraballo Cruz, al viudo de la Causante y a las sucesiones de sus dos (2) hijos premuertos, Eduardo Caraballo Cruz y Xavier Alexis Caraballo Cruz, sin perjuicio a terceros que fuesen herederos forzosos.

De ahí, el 5 de mayo de 2026, la peticionaria incoó una *Moción solicitando resolución enmendada nunc pro tunc.*[5] Solicitó que por vía *nunc pro tunc,* se enmendara la *Resolución* para que se incluyeran a los nietos de la Causante, sobre quienes alegó, eran herederos forzosos por su propio derecho de representación.

En respuesta, mediante *Orden* emitida y notificada el 7 de mayo de 2026, el foro *a quo* dispuso que para que procediera la enmienda solicitada, debía presentar el testamento o el dictamen sobre declaratoria de herederos de los difuntos Eduardo Caraballo Cruz y Xavier Alexis Caraballo Cruz.[6]

Subsiguientemente, el 13 de mayo de 2026, la peticionaria presentó una *Moción en solicitud de reconsideración de resolución y orden.*[7] Adujo, en síntesis, que, dado a que dos (2) de los hijos de la Causante le premurieron, activó el derecho de representación hacia sus nietos, hijos de estos. Solicitó que se reconsiderara el dictamen a los fines de ser incluidos como únicos y universales herederos de la Causante.

En respuesta, el 13 de mayo de 2026, el tribunal de instancia emitió *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

---

[5] SUMAC TPI, a la Entrada Núm. 3.
[6] *Íd.,* a la Entrada Núm. 4.
[7] *Íd.,* a la Entrada Núm. 5.

En desacuerdo con lo resuelto, el 10 de junio de 2026, compareció la peticionaria mediante una *Petición de certiorari* en la cual esgrimió el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al requerir presentar un Testamento o Resolución de Declaratoria de Herederos de los hijos premuertos de la causante para declarar a sus nietos como herederos, en inobservancia al derecho de representación que nuestro ordenamiento legal sostiene en los Artículos 1611 y 1612 del Código Civil de Puerto Rico, los requisitos del Artículo 552 del Código de Enjuiciamiento Civil, el principio de economía procesal contenido en las Reglas de Procedimiento Civil, la sana discreción judicial y la Ley 9-2013.

II

**A. Expedición del Recurso de *Certiorari***

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[8] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[9]
>
> [...].[10]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera

---

[8] 32 LPRA Ap. V, R. 52.1.
[9] *Íd.*
[10] *Íd.*

> Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari.*
>
> [...].[11]

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[12] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[13] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[14] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[15] Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[11] 32 LPRA Ap. V, R. 52.2.

[12] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[13] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).

[14] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).

[15] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [16]

De otro lado, el Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[17] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[18]

II

Mediante su único señalamiento de error, la peticionaria plantea que la primera instancia falló al requerir presentar un testamento o dictamen sobre declaratoria de herederos de los hijos premuertos de la Causante para poder declarar a sus nietos como herederos. En otras palabras, que incidió al haber exigido los antedichos documentos para disponer quienes representarían a los hijos premuertos de la Causante en en el dictamen recurrido.

Según reseñamos, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[19] A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones

---

[16] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[17] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[18] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[19] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

se presume su corrección. Sin embargo, esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones,[20] así como en lo dispuesto por la Regla 52.1 de Procedimiento Civil.[21]

Tras evaluar minuciosamente el recurso presentado por la peticionaria, es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* al amparo de las Regla 52.1 de Procedimiento Civil,[22] ni de la Regla 40 del Reglamento del Tribunal de Apelaciones.[23] Los señalamientos de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Además, razonamos que la peticionaria no nos ha persuadido de que, al aplicar la norma de abstención, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia.

Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[20] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[21] 32 LPRA Ap. V, R. 52.1.
[22] *Íd.*
[23] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.